[No. E051131. Fourth Dist., Div. Two. Oct. 6, 2011.]

THE PEOPLE, Plaintiff and Respondent, v.
ZACHARY JOSEPH QUIROZ, Defendant and Appellant.

COUNSEL

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., and Kamala D. Harris, Attorneys General, Dane R. Gillette, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Emily R. Hanks, James D. Dutton and Scott C. Taylor, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**HOLLENHORST, J.—**

## I. INTRODUCTION

Defendant Zachary Joseph Quiroz appeals from his conviction of burglary of a vehicle. (Pen. Code,[1] § 459.) He contends the probation condition requiring him to "[s]ubmit a record of income and expenditures to the Probation Officer as directed" is unconstitutionally vague and overbroad and is unauthorized by statute. We disagree, and we affirm.

## II. FACTS AND PROCEDURAL BACKGROUND

Defendant was charged in a complaint with three counts of burglary of a vehicle. (§ 459.) On May 17, 2010, he pleaded guilty to one count, and the other two counts were dismissed.

The parties stipulated that the police reports in the court file could serve as the factual basis for the plea. The police reports state that on May 5 and 6, 2010, defendant burglarized at least three vehicles. He broke windows of two of the vehicles to gain entry. He stole items from the vehicles, including baseball bats and gear, two purses, a camera, and a Bible. When defendant was arrested in the area of the third burglary, stolen property from all three vehicles was found in his vehicle. Defendant admitted the burglaries after being given *Miranda*[2] warnings.

---

[1] All further statutory references are to the Penal Code unless otherwise noted.

[2] *Miranda v. Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602].

The trial court granted defendant three years' probation under terms and conditions that included serving 180 days in county jail, paying restitution of $210 to one victim and $180 to a second victim, and paying various fines and fees. Probation condition No. 17 was that he "[s]ubmit a record of income and expenditures to the Probation Officer as directed." He was ordered to pay $50 per month toward all ordered amounts.

## III. DISCUSSION

Defendant contends on appeal that probation condition No. 17 was unconstitutionally vague and overbroad and was unauthorized under section 1203.1, subdivision (d). He contends the condition should therefore be modified to delete the requirement that he submit an account of his expenditures to the probation officer.

### A. *Forfeiture*

■ The People contend that because defendant failed to object to the probation condition in the trial court, he has forfeited his challenge to that condition. As a general rule, a defendant must first raise the issue in the trial court to challenge a probation condition on appeal. (See *People v. Welch* (1993) 5 Cal.4th 228, 237 [19 Cal.Rptr.2d 520, 851 P.2d 802].) However, our Supreme Court has held that the forfeiture rule does not apply to a defendant's contention that a probation condition is unconstitutionally vague and overbroad on its face when the challenge presents a pure question of law. (*In re Sheena K.* (2007) 40 Cal.4th 875, 887 [55 Cal.Rptr.3d 716, 153 P.3d 282].) We will therefore consider defendant's challenge to the constitutionality of the condition. Similarly, a defendant may challenge for the first time on appeal a probation condition that exceeds the trial court's statutory authority. (*People v. Anderson* (2010) 50 Cal.4th 19, 26 [112 Cal.Rptr.3d 685, 235 P.3d 11].) We will therefore consider whether the challenged condition was unauthorized under section 1203.1, subdivision (d).

### B. *Vagueness*

■ Defendant asserts probation condition No. 17 is unconstitutionally vague. To withstand a challenge on the ground of vagueness, "[a] probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated' . . . ." (*Sheena K., supra,* 40 Cal.4th at p. 890.) Thus, a

condition of probation is invalid if it is " ' "so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." [Citation.]' [Citation.]" (*Ibid.*) A vague condition allows the probation officer and the courts to apply a requirement or restriction on an " ' "*ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory application." [Citation.]' [Citation.]" (*Ibid.*)

■ Although defendant cites general authorities defining vagueness, and he asserts conclusionarily that probation condition No. 17 is unconstitutionally vague, he offers no explanation of how he, the probation officer, or the court could be misled by the condition. We therefore reject his challenge based on vagueness. (*People v. Jones* (1998) 17 Cal.4th 279, 305 [70 Cal.Rptr.2d 793, 949 P.2d 890] [when a defendant "presents [a] contention perfunctorily . . . without argument or authority in support . . . we [may] reject it in kind"].) Moreover, condition No. 17 is clear—it merely requires defendant to report his income and expenses as required by the probation officer.

## C. *Overbreadth*

■ Defendant also contends probation condition No. 17 is unconstitutionally overbroad. In his appellate briefs, defendant merely asserted the conclusion of overbreadth without identifying any specific constitutional right that was impaired by the condition. (See *People v. Olguin* (2008) 45 Cal.4th 375, 387 [87 Cal.Rptr.3d 199, 198 P.3d 1] [when the defendant asserted overbreadth without identifying any constitutional right affected by a condition of probation, his challenge was "not subject to exacting scrutiny for overbreadth"].) However, his counsel asserted at oral argument that condition No. 17 infringed on defendant's right to privacy. We will therefore assume for purposes of argument that defendant has identified a constitutional right impaired by the condition. (See, e.g., *In re James C.* (2008) 165 Cal.App.4th 1198, 1205 [81 Cal.Rptr.3d 846] [" ' "A probationer has the right to enjoy a significant degree of privacy, or liberty, under the Fourth, Fifth and Fourteenth Amendments to the federal Constitution." ' [Citation.]"].)

■ "[T]he overbreadth doctrine requires that conditions of probation that impinge on constitutional rights must be tailored carefully and reasonably related to the compelling state interest in reformation and rehabilitation. [Citations.]" (*In re Victor L.* (2010) 182 Cal.App.4th 902, 910 [106 Cal.Rptr.3d 584].) Here, the trial court ordered restitution for victims of

defendant's burglaries. ■ There can be no doubt that victim restitution serves the purpose of criminal rehabilitation: " 'Restitution imposed in a proper case and in an appropriate manner may serve the salutary purpose of making a criminal understand that he has harmed not merely society in the abstract but also individual human beings, and that he has a responsibility to make them whole.' [Citation.]" (*People v. Towne* (2008) 44 Cal.4th 63, 88 [78 Cal.Rptr.3d 530, 186 P.3d 10].) The condition that defendant report his income and expenditures to the probation officer undoubtedly serves the purpose of assuring that defendant is making progress toward paying restitution commensurate with his means.

■ Moreover, the court cannot find that a defendant has violated a probation condition without determining that the violation is willful. (See, e.g., People v. Galvan (2007) 155 Cal.App.4th 978, 983 [66 Cal.Rptr.3d 426].) In the context of nonpayment of a fine or restitution, that requires a determination of ability to pay. (See *People v. Mendoza* (2009) 171 Cal.App.4th 1142, 1155 [90 Cal.Rptr.3d 315].) A court could not find ability to pay in the absence of information about the defendant's expenditures for necessities as well as income.

In fact, the federal sentencing guidelines specifically authorize the court to order access to a probationer's financial information: "The following 'special' conditions of probation are recommended in the circumstances describes and, in addition, may otherwise be appropriate in particular cases: [¶] . . . [¶] (3) Access to Financial Information[.] [¶] If the court imposes an order of restitution, forfeiture, or notice to victims, or orders the defendant to pay a fine—a condition requiring the defendant to provide the probation officer access to any requested financial information." (18 U.S.C.S. Appen. § 5B1.3(d).) We similarly conclude the challenged condition is not, on its face, constitutionally overbroad.

■ The suggestion was raised at oral argument that the condition could be violated by, for instance, failure to report expenditures for a trivial item like a pack of gum or cigarettes. However, "no question involving actual enforcement of the . . . condition is presently before the court, only the reasonableness of the condition on its face." (*People v. Olguin, supra*, 45 Cal.4th at p. 386, fn. 5.) And, "a defendant facing revocation of his or her probation for violating a term of probation has the right before revocation to a hearing, at which he or she has the right to counsel and to argue that a particular application of a probation condition exceeds the bounds of reason under the circumstances. [Citations.]" (*Ibid.*) The "bounds of reason" would dictate that the condition should not require defendant to account for every trivial purchase; rather, we assume the condition will be interpreted to

provide sufficient information from which the probation officer and the court can determine whether defendant has a surplus of income after paying for necessities.

### D. Statutory Authorization for Probation Condition

Finally, defendant argues that probation condition No. 17 was unauthorized by statute.

■ Section 1203.1, subdivision (d) provides that "the court may require as a condition of probation that the probationer go to work and earn money for the support of his or her dependents or to pay any fine imposed or reparation condition, to keep an account of his or her earnings, to report them to the probation officer and apply those earnings as directed by the court." ■ At oral argument, the issue arose whether the maxim of *expressio unius est exclusio alterius* applies, in that section 1203.1, subdivision (d) refers only to earnings, not expenditures. Under that maxim, " 'where exceptions to a general rule are specified by statute, other exceptions are not to be implied or presumed.' [Citations.]" (*Mutual Life Ins. Co. v. City of Los Angeles* (1990) 50 Cal.3d 402, 410 [267 Cal.Rptr. 589, 787 P.2d 996].) However, because the maxim expresses merely a rule of statutory construction and not a rule of law (see, e.g., *In re Joseph B.* (1983) 34 Cal.3d 952, 957 [196 Cal.Rptr. 348, 671 P.2d 852]), it is "inapplicable if its operation would contradict a discernible and contrary legislative intent. [Citations.]" (*People v. Anzalone* (1999) 19 Cal.4th 1074, 1079 [81 Cal.Rptr.2d 315, 969 P.2d 160], superseded by statute on another ground as stated in *People v. Green* (2006) 142 Cal.App.4th 907, 912, fn. 2 [48 Cal.Rptr.3d 464].)

■ Here, the legislative intent could not be clearer. While subdivisions (a) through (i) of section 1203.1 list probation conditions that the trial court may or must impose, in subdivision (j), the Legislature explicitly granted authority to impose *any* reasonable conditions not otherwise listed: "The court may impose and require any or all of the above-mentioned terms of imprisonment, fine, and conditions, *and other reasonable conditions*, as it may determine are fitting and proper to the end that justice may be done, that amends may be made to society for the breach of the law, for any injury done to any person resulting from that breach, and generally and specifically for the reformation and rehabilitation of the probationer . . . ." (§ 1203.1, subd. (j).) We thus conclude condition No. 17 was authorized under the statute.

## IV. DISPOSITION

The judgment is affirmed.

Ramirez, P. J., and McKinster, J., concurred.

Appellant's petition for review by the Supreme Court was denied January 4, 2012, S197970.