Filed 6/19/13  P. v. Carnero CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. MIGUEL CARNERO, Defendant and Appellant. | 2d Crim. No. B240234 (Super. Ct. No. BA372728) (Los Angeles County) |

Miguel Carnero was granted probation after a jury convicted him of violating a protective order (Pen. Code, § 166, subd. (a)(4))[1] and vandalism (§ 594, subd. (a)).    Carnero appeals, contending that two probation conditions lack a scienter requirement and are vague and overbroad.  The trial court ordered appellant (1) not to own, use, or possess dangerous or deadly weapons including firearms or other concealable weapons, and (2) not follow, harass, molest any victim or witness in the case. We affirm.  (*People v. Moore* (2012) 211 Cal.App.4th 1179, 1186-1188.)

*Facts & Procedural History*

This case arises out of a long term feud between appellant and his neighbors, Janet Workman and Robert Berg.  On the evening of May 10, 2010, Workman asked appellant to shut down a loud diesel engine that had been running three hours.

---

[1] All statutory references are to the Penal Code.

Appellant screamed profanities, spit in Workman's face, and swung at Workman, knocking her to the ground.

Workman and her husband Robert Berg obtained a restraining order and built a view barrier atop the block wall between the houses. On November 2, 2011, appellant saw the work in progress, was enraged, and smashed the wall barrier with a hammer. When Burg returned home and saw the damage, appellant climbed partway up the wall and yelled, "Fuck you, Berg!"

After the police arrived, Berg told the officers, "This is the kind of stuff he's doing." Appellant shouted at Berg: " Don't talk to me, you mother fucker." Los Angeles Police Officer Michael Geitheim told appellant he was violating the restraining order and to stop talking to Berg. At trial, appellant admitted he was subject to a restraining order and told not to talk to Workman or Berg.

At sentencing, the prosecution argued that ammunition and firearms were recently found in appellant's house during a probation check of appellant's son (Kenny). The son was on felony probation for drug sales. It was a concern because appellant had a history of violence dating back to 1982 for battery, assault with a deadly weapon (1986), brandishing a weapon (1987), battery on his wife (1997), and battery on his daughter (2003).

The trial court granted probation, ordered appellant to attend anger management classes, issued a protective order (§ 136.2), and imposed the following probation conditions: "You're ordered not to own, use, possess dangerous or deadly weapons including firearms or other concealable weapons." "Do not follow, harass, molest any victim or witness in this case, especially the victim[s] Janet Workman, Robert Berg."

*Discussion*

Appellant argues that the probation conditions lack a "knowing" requirement and are unconstitutionally vague. (See *In re Sheena K.* (2007) 40 Cal.4th 875, 890-891 [applying de novo review]. " 'A probation condition which either forbids or requires the doing of an act in terms so vague that persons of common intelligence must

2

necessarily guess at its meaning and differ as to its application, violates due process.' " (*People v. Freitas* (2009) 179 Cal.App.4th 747, 750.)

In *People v. Moore, supra,* 211 Cal.App.4th 1179, our colleagues in Division Three rejected a vagueness/overbreadth challenge to the following probation order: "Do not own, use, or possess any dangerous or deadly weapons, including firearms, knives, and other concealable weapons." (*Id.*, at p. 1183.) Defendant argued that if an express knowledge requirement was not added to the probation order, he could be found in violation of probation for the unwitting possession of a weapon. (*Ibid*.) The *Moore* court rejected the argument on the ground that the knowledge requirement is manifestly implied. (*Id.*, at p. 1185.) "[T]he weapons prohibition here is sufficiently precise to inform [the defendant] of what is required of him, and for a court to determine whether the condition has been violated. Because [the defendant] can have no doubt about what is prohibited, innocent or inadvertent violation of the condition is far less likely than in cases in which the parameters of the probation condition are imprecise." (*Id.*, at p. 1186.)

Applying a similar due process analysis, we reject the argument that the probation condition not to own, use, or possess deadly or dangerous weapons is vague or fails to comport with due process. Appellant complains that the phrase "dangerous or deadly weapons" could be construed to prohibit possession of a rope, a baseball bat, or a shoe. But it is willful possession or use of an object as a dangerous or deadly weapon that is prohibited. To qualify as a deadly weapon, the object must be used in such a manner as to be capable of producing, and likely to produce, death or great bodily injury. (*People v. Aguilar* (1997) 16 Cal.4th 1023, 1037.)

"[L]egal definitions of 'deadly or dangerous weapon,' 'deadly weapon,' 'dangerous weapon,' and use in a 'dangerous or deadly' manner, consistently include the harmful capability of the item and the intent of its user to inflict, or threaten to inflict, great bodily injury. As a result of these well-defined terms, the phrase 'dangerous or deadly weapon' is clearly established in the law." (*In re R.P.* (2009) 176 Cal.App.4th 562, 568.) A court could not find appellant in violation of probation unless the evidence

3

showed that appellant willfully violated the dangerous or deadly weapon condition. (See e.g., *People v. Quiroz* (2011) 199 Cal.App.4th 1123, 1129; *People v. Cervantes* (2009) 175 Cal.App.4th 291, 295; *People v. Galvan* (2007) 155 Cal.App.4th 978, 982.)

"Thus, in the unlikely event that [appellant] finds himself in unknowing and inadvertent possession of a firearm or [dangerous] weapon, his lack of knowledge would prevent a court from finding him in violation of probation. When a probationer lacks knowledge that he is in possession of a gun or weapon, his possession cannot be considered a willful violation of a probation condition. [Citation.]" (*People v. Moore, supra,* 211 Cal.App.4th at pp. 1186-1187.) We conclude that the "no-dangerous-or-deadly-weapon" probation condition is sufficiently precise for appellant to know what is required of him.

*Follow, Harass, Molest Any Victim or Witness*

Appellant's due process challenge to the "[d]o not follow, harass, molest any victim or witness in this case, especially the victim[s] Janet Workman, Robert Berg" is without merit. A probation condition is overbroad if it prohibits a substantial amount of constitutionally protected conduct (*People v. Rubalcava* (2000) 23 Cal.4th 322, 333) but there is no constitutional right to harass, molest, follow, or stalk victims or witnesses. As discussed in *People v. Moore, supra,* 211 Cal.App.4th 1179, probation conditions may require express modifications "[w]here a probation condition prohibits association with certain categories of persons, presence in certain types of areas, or possession of items that are not easily amendable to precise definition . . . ." (*Id.*, at p. 1185.) This is not the case here.[2]

---

[2] Appellant's citations deal with vague probation conditions affecting speech and association rights. (*In re Sheena K., supra,* 40 Cal.4th at p. 889 [forbidding association with anyone disapproved of by probation officer]; *In re Victor L.* (2010) 182 Cal.App.4th 902, 912 [probation condition prohibiting minor from "remaining" in presence of any person where dangerous or deadly weapons exist]; *People v. Lopez* (1998) 66 Cal.App.4th 615, 628 [forbidding association with known or unknown gang members].)

At the sentencing hearing, appellant was served with a protective order (§ 136.2) that prohibits him from harassing, threatening, molesting, following, or stalking the victims. Appellant makes no claim that the protective order is overbroad or vague, even though it mirrors the probation condition not to "follow, harass, molest any victim or witness in this case. . ."

Appellant argues that the probation condition must be modified to read: "Do not *knowingly* follow, harass, or molest any victim or witness in this case." There is no due process right to an express knowledge provision where, as here, the probation condition provides fair warning of what conduct is prohibited. If the rule were otherwise, every probation order to "obey all laws" would have to be modified to read: "Do not *knowingly* violate any law." "Superfluity may not vitiate [Civ. Code § 3537], but neither does it enlighten." (*People v. Kim* (2011) 193 Cal.App.4th 836, 847.)

The judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>

YEGAN, J.

We concur:

GILBERT, P.J.

PERREN, J.

5

Renee F. Corn, Judge

Superior Court County of Los Angeles

_____

Christian C. Buckley, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmerl, Jr., Supervising Deputy Attorney General, Daniel C. Chang, Deputy Attorney General, for Plaintiff and Respondent.