Filed 11/13/13  P. v. Ramirez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H038660 |
| Plaintiff and Respondent, | (Monterey County Super. Ct. No. SS120394) |
| v. | |
| ADRIAN SOLORIO RAMIREZ, | |
| Defendant and Appellant. | |

Defendant Adrian Solorio Ramirez pleaded guilty to possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a)) and no contest to misdemeanor possession of a billy club (Pen. Code, § 22210).[1]  The trial court suspended imposition of sentence and placed him on felony probation for three years.  On appeal, defendant challenges two probation conditions as unconstitutionally vague and overbroad.  We modify and affirm the trial court's order.

**I.  Background**

On March 2, 2012, Salinas police officers responded to reports of a stabbing in Closter Park and detained defendant and others near the metal bleachers.  Asked if he possessed any weapons, defendant replied that he did not.  Asked about a 14-inch billy

---

[1]     Subsequent statutory references are to the Penal Code unless otherwise noted.

club found where he had been sitting, defendant said he found the "bat" that morning and did not know it was considered a weapon. He consented to a search of his person, and officers found a hypodermic syringe in his pants pocket. He initially denied possessing heroin, but when a further search located a small tin "cooker" containing heroin and a rubber tie-off strap in his pocket, he admitted buying "a dime" of the drug that morning and using a small amount.

## II. Discussion

### A. No-Alcohol/Drugs Condition

Condition No. 8 requires defendant to "[n]ot use or possess alcohol, narcotics, intoxicants, drugs, or other controlled substances without the prescription of a physician; not traffic in or associate with persons known to [defendant] to use or traffic in narcotics or other controlled substances." Defendant argues that the condition is unconstitutionally vague and overbroad because it lacks a knowledge requirement, leaving him "vulnerable to criminal punishment for conduct that may be wholly unwitting and involuntary." The Attorney General responds that the condition contains an implied knowledge requirement. To the extent this court finds the condition vague, however, she agrees that it can be modified to add an express knowledge requirement. We conclude that the condition must be modified.

A trial court has broad discretion to impose such reasonable probation conditions "as it may determine are fitting and proper to the end that justice may be done . . . and generally and specifically for the reformation and rehabilitation of the probationer . . . ." (§ 1203.1, subd. (j).) "A probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness. [Citation.]" (*In re Sheena K.* (2007) 40 Cal.4th 875, 890 (*Sheena K.*).) "[T]he underpinning of a vagueness challenge is the due process concept of 'fair warning.'

2

[Citation.] The rule of fair warning consists of 'the due process concepts of preventing arbitrary law enforcement and providing adequate notice to potential offenders' [citation], protections that are 'embodied in the due process clauses of the federal and California Constitutions. [Citation.]' [Citation.]" (*Ibid.*) "A probation condition which either forbids or requires the doing of an act in terms so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application, violates due process." (*People v. Freitas* (2009) 179 Cal.App.4th 747, 750.) Probation conditions need not be stated so exactly as to preclude any possibility of misinterpretation or misapplication, however; the law requires " " " 'reasonable specificity,' " " " not " " "mathematical certainty." " " (*People v. Barajas* (2011) 198 Cal.App.4th 748, 762.)

Defendant argues that the no-alcohol/drugs condition does not provide the fair warning that due process requires because "intoxicants" is a term not easily amenable to precise definition. We agree. An "intoxicant" is "something that intoxicates; esp.: an alcoholic drink." (Merriam-Webster's Collegiate Dict. (10th ed. 1999) p. 614 (Webster's).) "Intoxicate" means "to excite or elate to the point of enthusiasm or frenzy," and "intoxicated" means "affected by *or as if by* alcohol." (Webster's, at p. 614, italics added.) Under these commonly understood definitions, ordinary items like paint, glue, and permanent markers qualify as intoxicants. (See *People v. Roybal* (1998) 19 Cal.4th 481, 499 ["It was the same kind of paint defendant would ordinarily 'sniff' in order to become 'high.' "].) Without an express knowledge requirement, the no-alcohol/drugs condition puts defendant at risk of an unwitting probation violation if someone in his household has such items there. We note that defendant could also unwittingly violate this condition in other ways—by drinking alcoholic punch at a party after being assured that it contained no alcohol, for example, or by wearing a borrowed jacket or driving a borrowed car in which someone had left a controlled substance. We

3

conclude that the condition must be modified to include an express knowledge requirement.

The Attorney General argues that a knowledge requirement is implicit in the condition. She provides no authority or reasoning to support the assertion, and we reject it.

As this court explained in *People v. Kim* (2011) 193 Cal.App.4th 836 (*Kim*), since at least 1993 and "[i]n a variety of contexts, . . . California appellate courts have found probation conditions to be unconstitutionally vague or overbroad when they do not require the probationer to have knowledge of the prohibited conduct or circumstances." (*Kim*, at p. 843.) The court acknowledged that in many if not most cases, an express knowledge requirement is both "reasonable and necessary." (*Kim*, at p. 845.) However, the court pointed out, "[t]he function served by an express knowledge requirement should not be extended beyond its logical limits." (*Kim*, at p. 847.)

In *Kim*, the court held that a probation condition requiring the defendant not to "'own, possess, [or] have within [his] custody or control any firearm or ammunition for the rest of [his] life under Section[s] 12021 and 12316[, subdivision] (b)(1)'" contained an implicit knowledge requirement and thus satisfied the due process concept of fair warning. (*Kim*, *supra*, 193 Cal.App.4th at pp. 840-841.) Noting that section 12021 and related firearm possession statutes had been construed to include an implicit mental state, the *Kim* court saw "no reason to give a probation condition implementing section 12021 a different interpretation than the underlying statute has already received." (*Kim*, at p. 847.) "[W]here a probation condition implements statutory provisions that apply to the probationer independent of the condition and does not infringe on a constitutional right, it is not necessary to include in the condition an express scienter requirement that is necessarily implied in the statute." (*Kim*, at p. 843.)

This is not a case like *Kim.* The no-alcohol/drugs condition challenged here, unlike the no-firearms condition challenged in *Kim*, does not reference, parallel, or

4

obviously implement a statute that contains an implicit knowledge requirement. Indeed, the condition challenged here, unlike the one challenged in *Kim*, forbids some conduct that is not proscribed by statute at all. Adding an express knowledge requirement in these circumstances will not extend the function of such a requirement beyond its logical limits. (*Kim*, *supra*, 193 Cal.App.4th at p. 847.)

## B. No-New-Tattoos Condition

Condition No. 19 requires that defendant "[n]ot obtain any new gang related tattooing upon your person while on probation supervision. You're to permit photographing of any tattoos on your person by law enforcement." Defendant argues that the condition is unconstitutionally vague and overbroad without an express knowledge requirement. The Attorney General asserts that the condition contains an implied knowledge requirement. We conclude that the condition must be modified.

As various courts, including ours, have recognized, "gang tattoos may employ obscure symbols not readily recognized or catalogued as gang tattoos." (*In re Victor L.* (2010) 182 Cal.App.4th 902, 930.) "[I]t takes some experience or training to identify what colors, symbols, hand signs, slogans, and clothing are emblematic of various criminal street gangs." (*Kim*, *supra*, 193 Cal.App.4th at p. 845.) Without a knowledge requirement, the no-new-tattoos condition puts defendant at risk of unwittingly violating his probation by obtaining a tattoo that he believes, or that a friend assures him, is innocuous.

An express knowledge requirement must be added because *Kim*'s reasoning does not apply here. The condition challenged here, unlike the one challenged in *Kim*, does not reference, parallel, or obviously implement a statute containing an implicit knowledge requirement. The no-new-tattoos condition, unlike the no-firearms condition challenged in *Kim*, forbids conduct that, for adults, is not proscribed by statute at all. Adding an express knowledge requirement in these circumstances will not extend the

5

function of such a requirement beyond its logical limits. (*Kim*, *supra*, 193 Cal.App.4th at p. 847.)

### III. Disposition

The July 5, 2012 order is modified as follows:

Condition No. 8 is modified to state that defendant shall "[n]ot *knowingly* use or possess alcohol/narcotics, intoxicants, drugs, or other controlled substances without the prescription of a physician . . . ."

Condition No. 19 is modified to state that defendant shall "not obtain any new tattooing upon your person *that you know is gang-related* while on probation supervision. . . ."

As modified, the order is affirmed.

6

_____
Mihara, J.

I CONCUR:

_____
Premo, Acting P. J.

Grover, J., Concurring and Dissenting

I concur in affirming the judgment and in modifying the tattoo-related probation condition (No. 19).  However, I respectfully dissent from modifying the alcohol/drugs/intoxicants condition (No. 8) because I believe the majority applies the reasoning of *In re Sheena K.* (2007) 40 Cal.4th 875 (*Sheena K.*) too broadly.

*Sheena K.* did not concern the possession or consumption of a proscribed item.  At issue in *Sheena K.* was a probation condition prohibiting conduct completely within the probation officer's subjective discretion, namely, not associating with "anyone disapproved of by probation." (*Sheena, supra,* at p. 878.)  A knowledge requirement is needed in such a probation condition to ensure reasonable notice of which persons are to be avoided.  Indeed, most probation conditions restricting association depend on avoiding a type of person based on some characteristic that may or may not be outwardly apparent.  The trial court here included just such a knowledge provision in Condition No. 8 by

7

proscribing "traffic[king] in or associat[ing] with persons *known to [defendant]* to use or traffic in narcotics or other controlled substances." (Italics added.)

In *People v. Garcia* (1993) 19 Cal.App.4th 97 (*Garcia*), which was cited with approval in *Sheena K.*, a condition barring association with " 'any felons, ex-felons, users or sellers of narcotics' " (*id.* at p. 100) was found to be an unconstitutionally overbroad infringement on freedom of association absent an explicit knowledge requirement. (*Id.* at p. 102.) In rejecting the Attorney General's invitation to construe the challenged condition as containing an implicit scienter requirement, the *Garcia* court noted "the rule that probation conditions that implicate constitutional rights must be narrowly drawn, and the importance of constitutional rights, lead us to the conclusion that this factor should not be left to implication." (*Ibid.*) I do not believe that the reasoning of *Garcia* and *Sheena K.* regarding conditions prohibiting *association* stand for the proposition that scienter must be explicit in probation conditions *generally* when no similar constitutional right is at stake; certainly statutes are not held to such a standard.

It is well established that an individual will not be subject to criminal sanctions without proof of a mental state corresponding to the prohibited conduct. As the California Supreme Court has explained, "the requirement that, for a criminal conviction, the prosecution prove some form of guilty intent, knowledge, or criminal negligence is of such long standing and so fundamental to our criminal law that penal statutes will often be construed to contain such an element despite their failure expressly to state it. 'Generally, " '[t]he existence of a mens rea is the rule of, rather than the exception to, the principles of Anglo-American criminal jurisprudence.' . . ." [Citation.] In other words, there must be a union of act and wrongful intent, or criminal negligence. (Pen. Code § 20; [citation].)' " (*In re Jorge M.* (2000) 23 Cal.4th 866, 872, quoting *People v. Coria* (1999) 21 Cal.4th 868, 876.)

It is similarly established that a probation violation must be willful to justify revocation of probation. As explained in *People v. Cervantes* (2009)

8

175 Cal.App.4th 291, 295 (*Cervantes*), in which a probationer failed to appear for a review hearing due to being in the custody of immigration officials: "A court may not revoke probation unless the evidence supports 'a conclusion [that] the probationer's conduct constituted a willful violation of the terms and conditions of probation.' [Quoting *People v. Galvan* (2007) 155 Cal.App.4th 978.]" Noncompliance is not willful when it is attributable to circumstances beyond a probationer's awareness or control (*Cervantes, supra,* at p. 295), just as nonpayment is not willful unless a probationer has the ability to pay. (*People v. Quiroz* (2011) 199 Cal.App.4th 1123, 1129; Pen. Code, § 1203.2, subd. (a).) Under these standards, the majority's concerns about unwitting probation violations, although well-intentioned, are unfounded.

Because any violation of Condition No. 8 must be proven to be willful, I believe it is reasonable to interpret its prohibition on using or possessing referenced substances as containing an implicit scienter element, just as statutes concerning controlled substances have been interpreted. "[A]lthough criminal statutes prohibiting the possession, transportation, or sale of a controlled substance do not expressly contain an element that the accused be aware of the character of the controlled substance at issue ([Health & Saf. Code,] §§ 11350-11352, 11357-11360, 11377-11379), such a requirement has been implied by the courts." (*People v. Coria, supra,* 21 Cal.4th 868, 878.) For these reasons I would affirm Condition No. 8 without modification.

_____

Grover, J.

9