Filed 4/7/14  P. v. Jimenez CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D063936 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD243800) |
| JESUS A. JIMENEZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Honorable

Richard S. Whitney, Judge.  Affirmed.

Jeffrey S. Kross, under appointment by the Court of Appeal, for the Defendant and

Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Julie L. Garland, Assistant

Attorneys General, Scott C. Taylor and Marissa A. Bejarano, Deputy Attorneys General,

for the Plaintiff and Respondent.

Jesus A. Jimenez pleaded guilty to second degree burglary of a middle school (Pen. Code, § 459). The trial court suspended imposition of sentence and placed him on three years of felony probation on condition he serve 120 days in custody. Thereafter, the court awarded the school $6,300.36 in restitution to be paid jointly and severally by Jimenez and his codefendant, Mikhael A. Macadory. Adopting arguments from Macadory's prior appeal,[1] Jimenez challenges imposition of the restitution award. Specifically, he contends restitution for commercial property security upgrades is not authorized by Penal Code section 1202.4, subdivision (f)(3) and thus results in a windfall to the school; his conduct was not the proximate cause of the school's decision to upgrade security; and the restitution order was excessive and unreasonable because it serves no rehabilitative purpose.[2] We affirm the order.

---

[1]     At Jimenez's request, we have taken judicial notice of the record in Macadory's appeal including our opinion, *People v. Macadory* (Jan. 15, 2014, D063575) [nonpub. opn.].

[2]     As we did in Macadory's appeal, we reject Jimenez's assertion, based on *People v. Bouzas* (1991) 53 Cal.3d 467, that the People implicitly conceded the restitution award was a windfall and serves no rehabilitative purpose by not addressing those issues. In *Bouzas*, the court inferred the People's concession of a statutory interpretation theory because "although they respond to each of defendant's other arguments, they simply ignored this [theory] in their brief and at oral argument." (*Bouzas*, at p. 480.) This had consequence in *Bouzas* because the defendant had established error on that point. (*Ibid*.) Here, Jimenez's argument is unavailing because he has not met his burden to show prejudicial error in the face of prima facie evidence of loss, as was presented here. (*People v. Gemelli* (2008) 161 Cal.App.4th 1539,1543.)

## FACTUAL AND PROCEDURAL BACKGROUND

The facts are taken from the probation officer's report in Jimenez's case, as well as codefendant Macadory's motion opposing a restitution award and accompanying exhibits, with which Jimenez has augmented the record.

On October 8, 2012, police officers responded to an alarm at Millennial Tech Middle School. On arrival, the officers conducted a perimeter check and apprehended three suspects, including Jimenez and Macadory. Officers discovered that the boy's locker room had been broken into and several of the locks on individual lockers had been cut off. A window into one classroom had been taken off its hinges and pried open, and the classroom door was propped open with a duffel bag that contained a computer monitor. The officers found damage to two other adjacent classrooms. One had pry marks on its window frame and another had its window shattered. An officer found bolt cutters and a backpack in the area where the suspects fled.

Millennial Tech Middle School had been burglarized four times since September 2012, but the school had not planned on putting bars on the classrooms because they were bungalows scheduled to be moved early the following year. The school eventually decided to put security bars on the classrooms as a result of the break-in involving Jimenez and the other burglaries.

Jimenez pleaded guilty to second degree burglary, after which the court held a restitution hearing. Though the People were prepared to present testimony from the school's vice principal, the court saw no need for it, hearing only the parties' arguments. The People argued the burglary was one of the causes for the school's loss, and the

3

installation of security bars to a commercial building was a type of restitution recoverable under Penal Code section 1202.4, making defendants liable for the full amount of restitution. Macadory's counsel argued there was no connection between all of the burglaries and the school's security upgrades, which therefore were not the direct result of Macadory's crime. Counsel maintained that awarding the school the full cost of the upgrades would amount to a windfall, and Penal Code section 1202.4 precluded an award for the cost of installing security measures on a commercial building after a burglary, despite its use of the phrase "including, but not limited to" when enumerating allowable losses. Jimenez's counsel agreed, asserting there was one broken window in the five or six buildings on campus. The court took the matter under submission.

The trial court eventually awarded the school the full amount of its requested restitution. It relied on *People v. Carbajal* (1995) 10 Cal.4th 1114, which allows imposition of restitution as a condition of probation, even when the victim's loss was not caused by the defendant's criminal conduct, if the court finds restitution will serve one of the purposes set out in Penal Code section 1203.1, subdivision (j). (*Carbajal*, at p. 1122.) The court ruled: "[W]hile there may be other factors that led to the eventual decision of the school to add security bars to classroom windows, it is clear that the conduct of the defendant was a direct cause of the final decision to install enhanced security measures in the school to not only protect future theft of school assets, but also to provide an added measure of security and comfort for the school due to the breach caused by the defendant's burglary and felonious conduct." It awarded the school $6,300.36 in restitution to be paid jointly and severally by Jimenez and Macadory.

4

DISCUSSION

The facts underlying the joint and several restitution award are the same as those presented in our prior opinion. Because Jimenez raises no new issues or arguments but merely adopts those made by his codefendant Macadory, our prior opinion addressing all of these points in *People v. Macadory*, *supra*, D063575, is dispositive. We hereby incorporate all of parts I through IV of that decision into this opinion. (Accord, *People v. Hamilton* (1988) 45 Cal.3d 351, 355, 363 [adopting prior decision as decision in present appeal after remand from U.S. Supreme Court]; *Custom Craft Carpets, Inc v. Miller* (1982) 137 Cal.App.3d 120, 123.)

Resolution of this appeal includes our conclusion that by failing to raise any issue concerning his financial condition during the restitution hearing, Jimenez forfeited any arguments that he cannot pay the large restitution award, whether it be authorized by Penal Code section 1202.4 (Pen. Code, § 1202.4, subd. (g) [defendant's inability to pay shall not be considered a compelling and extraordinary reason not to impose a restitution order, nor shall inability to pay be a consideration in determining its amount]) or imposed as a condition of probation. (Pen. Code, § 1203.1, subd. (a); see *People v. Welch* (1993) 5 Cal.4th 228, 237 [defendant forfeited challenge to reasonableness of probation condition because he failed to raise it when sentenced]; *People v. Quiroz* (2011) 199 Cal.App.4th 1123, 1127 [to challenge a probation condition on appeal a defendant generally must first raise the issue in the trial court].)

## DISPOSITION

The order is affirmed.


O'ROURKE, J.

WE CONCUR:


McCONNELL, P. J.


McINTYRE, J.