Filed 1/28/15  P. v. Poirier CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>BENJAMIN ROBERT POIRIER,<br><br>Defendant and Appellant. | D065707<br><br><br><br>(Super. Ct. No. SCE335153) |

APPEAL from a judgment of the Superior Court of San Diego County, Lantz Lewis, Judge.  Affirmed as modified with directions.

Kyle D. Smith, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Scott C. Taylor, Deputy Attorneys General, for Plaintiff and Respondent.

In yet another case where there were no objections made in the trial court, appellant Benjamin Robert Poirier challenges two of the conditions of probation.  He

contends they are reasonable conditions, but that they are constitutionally vague and overbroad. We will disagree as to one of the conditions and remand the case to the trial court for further proceedings as to the other condition.

Poirier was convicted by a jury of one count of petty theft after prior petty theft convictions. (Pen. Code,[1] §§ 484, 490.5.) The trial court found true the alleged prior convictions under section 666 and one prison prior under section 667.5, subdivision (b).

The court sentenced Poirier to three years in custody, two years of which were suspended to be served under mandatory supervision pursuant to section 1170, subdivision (h)(1).

STATEMENT OF FACTS

Since this appeal does not challenge either the sufficiency or admissibility of the evidence supporting his conviction, we will offer only a very brief summary of the offense.

On the early morning of November 1, 2013, two men broke into a gas station in La Mesa. A review of the surveillance video revealed that Poirier's companion made entry by throwing a stone through the station window. He entered and took various items of property. The video also showed Poirier enter the station and leave carrying an unidentified object.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

DISCUSSION

Poirier was placed on mandatory supervision based on various conditions. The two conditions challenged here are:

"Follow such course of conduct that the Probation Officer ("P.O.") communicates to defendant."

"Obtain P.O. approval as to residence [and] employment."

Poirier did not object to these conditions in the trial court. He now contends the conditions are constitutionally infirm as vague and overbroad. He does concede, however, that the conditions are "reasonable." Thus Poirier contends he has not forfeited the issue by failure to raise it in the trial court. He also contends we should strike the two conditions.

As we will discuss below, case law has established the condition which requires Poirier to follow the course of conduct communicated by the P.O. is valid, thus we will affirm that condition. (*People v. Kwizera* (2000) 78 Cal.App.4th 1238, 1240 (*Kwizera*).) As to the condition requiring Poirier to get P.O. approval as to residence and employment, we will find that condition facially overbroad. We will remand the case to the trial court to conduct further proceedings as to that condition.

A. Legal Principles

Conditions of mandatory supervision "must be reasonably related to the compelling state interest of fostering a law-abiding lifestyle in the parolee." (*In re Stevens* (2004) 119 Cal.App.4th 1228, 1234.) We evaluate the reasonableness of parole conditions under the same standard as that developed in probation conditions. (*In re*

3

*Hudson* (2006) 143 Cal.App.4th 1, 9; *People v. Martinez* (2014) 226 Cal.App.4th 759, 763-764.)

The question of whether a term of probation is unconstitutionally vague or overbroad is a question of law to be reviewed on appeal under the de novo standard. Failure to raise the issue in the trial court at sentencing does not forfeit the issue for review on appeal. (*In re Sheena K.* (2007) 40 Cal.4th 875, 888-889; *People v. Quiroz* (2011) 199 Cal.App.4th 1123, 1127.)

Poirier argues the challenged conditions in this case are "reasonable" and yet are unconstitutional as vague and overbroad. We are somewhat puzzled by that argument. Certainly the standards for analyzing the challenges are different. The standards by which we determine if a condition is reasonable are directed toward rehabilitation and the prevention of future criminality. (*People v. Lent* (1975) 15 Cal.3d 481, 486.) The approach to determining if a condition is constitutionally infirm is somewhat different as stated in *In re Sheena K., supra*, 40 Cal.4th 875. However, we struggle to conceive of a condition that is "reasonable" under *Lent* that is so vague or overbroad as to be unconstitutional. Certainly such an invalid condition cannot be reasonably related to deterring future criminality or designed to rehabilitate the defendant. Rather, we suspect the purported distinction is offered to attempt to distinguish cases which have found similar conditions to be valid as being "reasonable." The distinction may also have been offered to further support the contention that the issues were not forfeited by failure to timely object. In any event we do not pause to further dissect any differences in the analytical approaches.

4

B.  The Condition Requiring Poirier to Follow the P.O.'s "Course of Conduct"

Poirier contends the condition is both vague and overbroad.  At the outset, we conclude there is nothing vague about the condition.  It plainly directs the defendant to follow any course of conduct communicated to him by the P.O.

As to being overbroad, appellant argues the condition allows the P.O. to more or less roam at large to set other, unstated conditions. We disagree.

In *Kwizera, supra*, 78 Cal.App.4th at pages 1240 to 1241, we addressed the identical condition.  There we observed it is the court that has the power and responsibility to set conditions of probation.  It is the responsibility of the P.O. to administer the conditions and to set the time and place for those things necessary to enforce compliance with the ordered conditions.  We said:  "The phrase 'follow such course of conduct as the probation officer prescribes,' as used in condition 6.f is reasonable and necessary to enable the department to supervise compliance with the specific conditions of probation.  It does no more.  Since the court does not have the power to impose unreasonable probation conditions, it could not give that authority to the probation officer through condition 6.f.  When the clear words of Penal Code sections 1202.8 and 1203 are applied, the trial court has authority to empower the probation department with authority to supervise the probation conditions.  Condition 6.f does not conflict with *People v. Lent, supra*, 15 Cal.3d 481, or authorize the probation officer to tell a defendant 'to jump' as defense counsel fears.  Condition 6.f is a reasonable probation condition to enable the department to supervise compliance with the other probation conditions."  (*Kwizera, supra,* at pp. 1240-1241.)

5

As the court observed in *People v. Olguin* (2008) 45 Cal.4th 375, 383, the probation department's authority to supervise compliance with the conditions of probation, does not empower the department to engage in irrational conduct or make irrational demands.

Poirier contends our opinion in *Kwizera, supra,* 78 Cal.App.4th 1238 and the court's opinion in *People v. Olguin, supra,* 45 Cal.4th 375 are not dispositive here because they considered "reasonableness" and not constitutional infirmity. As we have stated, we do not believe a condition which is reasonably tailored to the rational goals of probation could also be so vague and overbroad as to be unconstitutional.

Our analysis of the virtually identical condition demonstrates we considered the condition appropriately tailored to the need of probation officers to be able to supervise compliance with those conditions imposed by the court. The direction is not vague and as we have pointed out it is appropriate for its lawful purpose. Of necessity such an appropriate grant of authority to the probation department is not "overbroad" notwithstanding appellate counsel's speculations about irrational things a probation officer might suggest.

C. Approval of Residence and Employment

The remaining condition requires appellant to obtain the probation officer's approval for both employment and residence. Since he has a right to select his residence and employment, he contends the limitations placed on the exercise of such rights are overbroad. We agree.

6

The condition is not related to any identifiable rehabilitative goal.  Of course, had Poirier timely objected we might have either a clearer purpose defined, or the trial court may have made appropriate modifications.  Alas defense counsel at trial never complained about the conditions.  However, as we have noted the issue has not been forfeited so we are left with the language of the condition and nothing else.

In *People v. Bauer* (1989) 211 Cal.App.3d 937, 944, the court dealt with the same condition.  There, as here there is nothing to relate the requirement of probation officer approval of employment and residence to the rehabilitative needs of the defendant.  As the court observed, the unlimited nature of the grant of authority could result in the arbitrary denial of the exercise of a basic right.  We will follow the *Bauer* opinion and find the condition overbroad.

We decline to strike the condition.  Rather, we will remand the case to the trial court to determine whether to strike the condition or whether a more narrowly tailored condition will accomplish the goal of preventing future criminality.  We express no view on the proper course of action but leave that to the trial court's discretion upon further analysis.

## DISPOSITION

The case is remanded to the superior court to determine what, if any, conditions ought to be imposed regarding appellant's employment and residence and to make such

modification of the probation conditions as may be appropriate.  In all other respects the judgment is affirmed.


                                                                    HUFFMAN, J.

WE CONCUR:


            BENKE, Acting P. J.


            HALLER, J.