Filed 7/23/25  P. v. Simpson CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FOURTH APPELLATE DISTRICT

### DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G063205 |
| v. | (Super. Ct. No. 22CF0072) |
| TYJEE JONQUIL SIMPSON, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Michael A. Leversen, Judge. Affirmed as modified.

Jan B. Norman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Assistant Attorney General, Steve Oetting and Evan Stele, Deputy Attorneys General, for Plaintiff and Respondent.

\*        \*        \*

In this criminal proceeding, defendant Tyjee Jonquil Simpson appeals from a probation condition requiring him "not to associate with any person disapproved of by the probation officer."

Simpson raises a single argument on appeal. He argues that the probation condition is unconstitutional and that it should be amended to provide sufficient notice as to what associations are prohibited. Simpson proposes that the probation condition be amended to read, "You are not to associate with any person known to you to be disapproved of by the probation department." (Underlining added.) The Attorney General concedes that the probation condition is unconstitutionally vague and agrees to the modified language proposed by Simpson.

For the reasons below, we agree with Simpson's contention. As imposed, the probation condition fails to provide fair warning as to which persons are disapproved of by the probation department. Thus, a modification is necessary. We, therefore, modify the probation condition and affirm the judgment in all other respects.

STATEMENT OF FACTS

The facts in this case are not material to our legal analysis but are provided for context.

In January 2022, Simpson walked into a Chevron gas station in Santa Ana, California and told the clerk that he wanted to fill his plastic water bottle with gas. The clerk would not permit him to use the water bottle because only approved containers could be used to purchase gasoline. Simpson retrieved an approved gas can from one of the shelves and purportedly asked "what happens if I take it?"

Surveillance video showed the clerk attempting to retrieve the gas can from Simpson, Simpson striking the clerk, and then Simpson running

2

out of the store with the gas can. On September 29, 2023, a jury found Simpson guilty on one count of second degree robbery in violation of sections 211 and 212.5, subdivision (c) of the Penal Code.

The trial court sentenced Simpson to two years formal probation with the condition that he serve 364 days in county jail. A condition of his probation was "not [to] associate with any person disapproved of by the probation officer." Simpson filed a timely notice of appeal.

## DISCUSSION

Simpson contends the court erred by imposing a probation condition requiring him "not [to] associate with any person disapproved of by the probation officer" because it violates his First and Fourteenth Amendment rights under the United States Constitution.

## I.

### APPEALABILITY

Here, Simpson did not raise an objection to the probation condition in the trial court. (See *People v. Welch* (1993) 5 Cal.4th 228, 237 [a defendant must generally first raise a probation challenge in the trial court].) Nevertheless, Simpson's contention that a condition of his probation is unconstitutionally vague and overbroad presents a pure question of law. Thus, the probation condition is appealable, and Simpson's challenge to the facial constitutionality of the condition is preserved. (*In re Sheena K.* (2007) 40 Cal.4th 875, 887 (*Sheena K.*); see *People v. Quiroz* (2011) 199 Cal.App.4th 1123, 1127.)

## II.

### THE PROBATION CONDITION

To withstand a challenge on the ground of vagueness, a probation condition "'must be sufficiently precise for the probationer to know what is

3

required of him, and for the court to determine whether the condition has been violated.'" (*Sheena K., supra,* 40 Cal.4th 875, 890.) A probation condition that imposes limitations on a person's constitutional rights, such as freedom of association, must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad. (*In re White* (1979) 97 Cal.App.3d 141, 149–150.)

In *Sheena K.*, the juvenile court imposed a substantially identical condition to the one at issue here. It required the defendant to "'not associate with anyone disapproved of by probation.'" (*Sheena K., supra,* 40 Cal.4th at p. 878.) Our Supreme Court held this condition was unconstitutionally vague and violated the defendant's due process rights under the Fifth and Fourteenth Amendments. (*Id.* at pp. 879, 890.) However, it found this error could be remedied by inserting a knowledge requirement that the defendant not "associate with anyone 'known to be disapproved of' by a probation officer." (*Id.* at p. 892.)

Here, the trial court imposed nearly the same probation condition that was found to be vague in *Sheena K.* Accordingly, modification is necessary to make the condition valid under the United States Constitution. Without modification, the probation condition violates Simpson's constitutional rights under the United States Constitution because the condition fails to provide sufficient notice as to what associations are prohibited. (*Sheena K., supra,* 40 Cal.4th at pp. 878–879, 890.) The Attorney General concedes that the probation condition is unconstitutional because as currently written it does not provide Simpson with advanced notice of whom he may not associate with.

Relying on *Sheena K., supra* 40 Cal.4th at pages 891–892, the Attorney General proposes the same scienter requirement as Simpson to

4

remedy the error. The specific scienter requirement adopted in *Sheena K.*, and proposed by the parties, is "'You are not to associate with any person <u>known to you to be</u> disapproved of by the probation department.'" (Underlining added.) Although Simpson requests that we remand to the trial court for modification of the probation condition, we will modify the condition ourselves. (*Id.* at pp. 885, 892.)

DISPOSITION

The probation condition is modified to read: "'You are not to associate with any person <u>known to you to be</u> disapproved of by the probation department.'" (Underlining added.) In all other respects, the judgment is affirmed as modified.

MOORE, ACTING P. J.

WE CONCUR:


SANCHEZ, J.


MOTOIKE, J.

5