Filed 1/15/14  P. v. Macadory CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MIKHAEL ANDREW MACADORY,<br><br>    Defendant and Appellant. | D063575<br><br><br><br>(Super. Ct. No. SCD243800) |

APPEAL from an order of the Superior Court of San Diego County, Honorable Richard S. Whitney, Judge.  Affirmed.

Sarah A. Stockwell, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland, Kathryn Kirschbaum and Marissa Bejarano, Deputy Attorneys General, for Plaintiff and Respondent.

Mikhael Andrew Macadory pleaded guilty to one count of second degree burglary of a middle school.  (Pen. Code,[1] § 459.)  The trial court suspended imposition of sentence and placed him on probation for three years, including conditions he serve 120 days in custody and pay restitution of $6,300.36, the cost of installing security bars on five bungalows at the school.  Macadory contends the court erred in setting the amount of restitution.  Specifically, he contends restitution for commercial property security upgrades is not authorized by section 1202.4, subdivision (f)(3); his conduct was not the proximate cause of the school's decision to upgrade security; the amount would result in a windfall to the school; and the restitution order is excessive and unreasonable because it serves no rehabilitative purpose.[2]  For the reasons discussed below, we affirm the order.

FACTUAL AND PROCEDURAL BACKGROUND[3]

On October 8, 2012, police officers responded to an alarm at Millennial Tech Middle School.  On arrival, the officers conducted a perimeter check and apprehended

---

[1]     All statutory references are to the Penal Code.

[2]     In his reply brief, Macadory contends the People implicitly conceded that the award is a windfall and serves no rehabilitative purpose by not addressing those issues in their respondent's brief.  Macadory relies on *People v. Bouzas* (1991) 53 Cal.3d 467, a case in which the court inferred the People's concession of a statutory interpretation theory because "although they respond to each of defendant's other arguments, they simply ignored this [theory] in their brief and at oral argument."  (*Bouzas*, at p. 480.)  However, Macadory's argument fails to appreciate that the burden to show prejudicial error in the face of prima facie evidence of loss, as was presented here, rests on the appellant.  (*People v. Gemelli* (2008) 161 Cal.App.4th 1539,1543.)

[3]     Because there was no preliminary hearing or trial, all facts are drawn from the probation officer's report, which incorporated certain exhibits Macadory presented in opposition to the People's restitution motion.

2

three suspects, including Macadory. Officers discovered that the boys' locker room had been broken into and several of the locks on individual lockers had been cut off. One classroom window had been taken off its hinges and pried open, and the classroom door was propped open with a duffel bag that contained a computer monitor. The officers found damage to two adjacent classrooms. One had pry marks on its window frame and the other's window was shattered.

Millennial Tech Middle School had been burglarized four times since September 2012, but the school had not planned on putting bars on the classrooms because they were bungalows scheduled to be moved early the following year. The school decided to put security bars on the classrooms as a result of the burglary involving Macadory and the other break-ins.

After Macadory's guilty plea, the court held a restitution hearing. Though the People were prepared to present testimony from the school's vice principal, the court saw no need for it and heard only the parties' arguments. The People argued Macadory's burglary was one of the causes for the school's loss, and the installation of security bars to a commercial building was a type of restitution recoverable under section 1202.4, making Macadory liable for the full amount of restitution. Macadory, on the other hand, argued there was no connection between all of the burglaries and the school's security upgrades, which therefore were not the direct result of his crime. He maintained that awarding the school the full cost of the upgrades would amount to a windfall, and section 1202.4 precluded an award for the cost of installing security measures on a commercial building

3

after a burglary, despite its use of the phrase "including, but not limited to" when enumerating allowable losses. The court took the matter under submission.

The court eventually awarded the school the full amount of its requested restitution. It relied on *People v. Carbajal* (1995) 10 Cal.4th 1114, which allows imposition of restitution as a condition of probation, even when the victim's loss was not caused by the defendant's criminal conduct, if the court finds the restitution will serve one of the purposes set out in section 1203.1, subdivision (j). (*Carbajal*, at p. 1122.) The court ruled that "while there may be other factors that led to the eventual decision of the school to add security bars to classroom windows, it is clear that the conduct of the defendant was a direct cause of the final decision to install enhanced security measures in the school to not only protect future theft of school assets, but also to provide an added measure of security and comfort for the school due to the breach caused by the defendant's burglary and felonious conduct." It awarded the school $6,300.36 in restitution to be paid jointly and severally by Macadory and his codefendant.

## DISCUSSION

### I. *Legal Principles Regarding Restitution and Standard of Review*

Restitution is constitutionally and statutorily mandated in California. (Cal. Const., art I., § 28, subd. (b); Pen. Code, § 1202.4.) Section 1202.4, subdivision (a)(1) authorizes restitution for the "victim of a crime who incurs an economic loss as a result of the commission of a crime." Subdivision (f) of section 1202.4 states: "[I]n every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an

4

amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court. . . .  The court shall order full restitution unless it finds compelling and extraordinary reasons for not doing so and states them on the record."  Section 1202.4, subdivision (f)(3) further provides:  "To the extent possible, the restitution order . . . shall be of a dollar amount that is sufficient to fully reimburse the victim or victims for every determined economic loss incurred as the result of the defendant's criminal conduct, including, but not limited to, all of the following."  The statute then proceeds to list 12 items.  Subdivision (f)(3)(J) of section 1202.4 authorizes restitution for "[e]xpenses to install or increase residential security incurred related to a violent felony."

"A restitution order is intended to compensate the victim for its actual loss and is not intended to provide the victim with a windfall."  (*People v. Chappelone* (2010) 183 Cal.App.4th 1159, 1172.)  But, "[t]here is no requirement the restitution order be limited to the exact amount of the loss in which the defendant is actually found culpable." (*People v. Carbajal*, *supra*, 10 Cal.4th at p. 1121; *Chappelone*, at p. 1172.)  The court need only use a rational method that is reasonably calculated to make the victim whole. (*Chappelone*, at p. 1172.)

Further, in determining whether there is a causal connection between the defendant's act and the victim's loss, the trial court may apply tort principles of causation. (*People v. Jones* (2010) 187 Cal.App.4th 418, 425 [there is "no reason why the various principles involved in determining proximate causation under California tort law should not also apply in awarding victim restitution under California criminal law"].)  In

5

California, courts apply the substantial factor test in determining proximate cause. (*People v. Holmberg* (2011) 195 Cal.App.4th 1310, 1321.) This test requires " ' "that the contribution of the individual cause be more than negligible or theoretical." ' " (*Ibid.*) A force that has " ' "only an 'infinitesimal' or 'theoretical' part in bringing about injury, damage or loss is not a substantial factor" [citation], but a very minor force that does cause harm is a substantial factor.' " (*Id.* at p. 1322.)

We evaluate the court's restitution order for abuse of discretion.[4] (*People v. Giordano* (2007) 42 Cal.4th 644, 663; *People v. Millard* (2009) 175 Cal.App.4th 7, 26.) " ' "A victim's restitution right is to be broadly and liberally construed." [Citation.] " 'When there is a factual and rational basis for the amount of restitution ordered by the trial court, no abuse of discretion will be found by the reviewing court.' " [Citations.]' [Citation.] However, a restitution order 'resting upon a " 'demonstrable error of law' " constitutes an abuse of the court's discretion. [Citation.]' [Citation.] 'In reviewing the sufficiency of the evidence [to support a factual finding], the " 'power of the appellate court begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted,' to support the trial court's findings." [Citations.] . . . "If the circumstances reasonably justify the [trial court's] findings," the judgment may not be overturned when the circumstances might also reasonably support a contrary finding.' " (*Millard*, *supra*, 175 Cal.App.4th at p. 26.) "However, when the

---

4       Macadory argues a de novo standard of review applies to this case because the court's findings "were based on the record, and not on any testimony presented at the hearing." However, he cites no authority supporting this contention in the restitution context.

propriety of a restitution order turns on the interpretation of a statute, a question of law is raised, which is subject to de novo review on appeal." (*People v. Garcia* (2011) 194 Cal.App.4th 612, 617.)

II. *The Court Did Not Commit Legal Error by Awarding Restitution for Commercial Security Upgrades Under Section 1202.4, Subdivision (f)(3)*

Macadory contends the trial court committed "legal error" when it ordered restitution to reimburse expenses for installing a security system to the school. He reasons that despite the Legislature's use of the phrase "including, but not limited to" in section 1202.4, restitution for security upgrades is limited to residential security after a violent felony because by being specific in its categories, the Legislature necessarily limited the types of restitution allowed to those listed. Macadory's argument turns on an interpretation of section 1202.4, subdivision (f)(3).

The California Supreme Court in *People v. Giordano*, *supra*, 42 Cal.4th 644 rejected an argument similar to that made by Macadory. In *Giordano*, the court explained that the statutory scheme set forth in section 1202.4 implements the broad constitutional mandate that restitution be imposed in every case where a crime victim suffers " '*any economic loss*.' " (*Id*. at pp. 655-656.) Reviewing the history of California's direct restitution scheme, it observed that in 1996, the Legislature amended the list of categories of compensable loss to specify that it is nonexclusive: "The relevant clause now states: 'including, *but not limited to*, all of the following.' " (*Id.* at pp. 654, 655.) *Giordano* read the phrase "including, but not limited to," to be one of enlargement. (*Id*. at pp. 660-661; see also *People v. Western Air Lines* (1954) 42 Cal.2d 621, 638 ["The

7

statutory definition of a thing as 'including' certain things does not necessarily place thereon a meaning limited to the inclusions."].)

In *Giordano*, the defendant was driving under the influence of alcohol when he hit and killed a man on a motorcycle. (*People v. Giordano*, *supra*, 42 Cal.4th at p. 650.) The decedent's spouse requested victim restitution under section 1202.4 for future economic losses—the amount of a life insurance policy based on the decedent's earnings per year—attributable to her husband's death. (*Ibid.*) The defendant argued that section 1202.4 did not authorize restitution for prospective economic losses. (*Id*. at p. 657.) The court found such an interpretation in conflict with the statute's plain meaning and purpose, emphasizing that "[m]any, if not all, of the categories of loss compensable as direct restitution include losses that are incurred after the occurrence of the crime . . . ." (*Id*. at pp. 657-658.) Thus, "restitution orders must not be limited to the amount of money that has been paid or lost prior to the restitution hearing." (*Id*. at p. 658.) The defendant also argued that because the Legislature had expressly permitted awards for loss of support to derivative victims from the restitution fund, but did not specifically provide for such an award from the direct restitution statute, the Legislature did not intend direct restitution to include such losses. (*Id.* at pp. 657, 659-660.) The *Giordano* court rejected that argument: "Given the constitutional and legislative intent to provide restitution for all crime victim losses, and the expressly nonexclusive list of categories of loss included in the direct restitution statute, we decline to read into that statute an implied limitation on restitution to surviving spouses based on a failure to enumerate that type of loss explicitly." (*Id.* at p. 660; see also *People v. Keichler* (2005) 129

8

Cal.App.4th 1039, 1046 ["Because [section 1204.4] uses the language 'including, but not limited to' these enumerated losses, a trial court may compensate a victim for any economic loss which is proved to be the direct result of the defendant's criminal behavior, even if not specifically enumerated in the statute."].) The *Giordano* court acknowledged that use of the phrase "including but not limited to" was not without limits in that a court could not award restitution that is "different in kind" from the categories of loss, but it concluded "the loss of support incurred by a spouse is, like the enumerated categories of loss, an economic loss incurred as the result of a criminal act." (*People v. Giordano*, at pp. 660-661.)

Section 1202.4 identifies security upgrades in a residence as a category of restitution in subdivision (f)(3)(J), but makes no mention of security upgrades for commercial property. *People v. Giordano*, *supra*, 42 Cal.4th 644, however, compels us to conclude that where a victim incurs the economic loss of installing security measures in a commercial establishment as a result of defendant's criminal conduct, the trial court may include that amount in a victim restitution award regardless of whether the defendant was convicted of a violent felony, and regardless of the fact that the upgrades were not for residential security. The list in the statute is not intended to tie the hands of the trial courts, and instead courts must determine whether the victim of a crime incurred an economic loss. (See *People v. Thygesen* (1999) 69 Cal.App.4th 988, 994.) Thus, if a trial court properly determines that installation of a business security upgrade was an "economic loss incurred as the result of the defendant's criminal conduct" (*Thygesen*, at p. 992, italics omitted), then a restitution award for that loss cannot be challenged on the

9

basis that the restitution statute does not specifically list this type of loss. We therefore reject Macadory's claim that a restitution award for the cost of security upgrades to the school was legal error under the statute.

III. *The Court Did Not Abuse its Discretion in Finding Macadory's Conduct Was a Direct Cause of the School's Loss*

Macadory contends his actions were not the proximate cause of the school's decision to install security bars; that because his contribution was negligible or "purely theoretical," the circumstances do not support the restitution award. He suggests that the award is a windfall, as the upgrades were not a result of the crime underlying his conviction but stemmed from the actions of others who were not apprehended. We disagree.

Here, the People presented uncontradicted evidence that while the school had not originally planned on installing security bars on the classrooms, it was required to do so due to Macadory's October 8, 2012 burglary, as well as the other break-ins. Thus, Macadory's contribution was not at all theoretical or negligible. And, based on this evidence, the court made an express finding that Macadory's conduct was a "direct cause" of the school's expenses to install enhanced security measures, and awarded the full amount of installation costs. In *People v. Holmberg*, a business's computer equipment and credit cards were damaged and stolen. (*People v. Holmberg*, *supra*, 195 Cal.App.4th at pp. 1313-1314.) The defendant appeared in a store's video surveillance using one of the stolen credit cards, and multiple hard drives from the business were recovered in his home. (*Id.* at pp. 1314, 1322.) After defendant pleaded no contest to concealing stolen

10

property, the court ordered him to pay $18,072 in victim restitution, including $10,000 for lost business. (*Id.* at pp. 1315, 1316, 1318.) On appeal, the defendant argued he was not liable for restitution because his conduct was not a substantial factor in causing the victim's losses. (*Id.* at p. 1318.) Specifically, he claimed the losses were due to a burglary of which he was not convicted, and therefore the losses would have occurred even without his conduct. (*Ibid.*) In rejecting this argument, the court noted that there "can be more than one cause of injury and that multiple causes can combine to cause harm." (*Id.* at p. 1322.) Because he received the stolen property, thereby depriving the business of its use, the defendant's conduct "was a concurrent cause of the victims' losses." (*Ibid.*)

We conclude the evidence amply supports the conclusion that there was a causal connection between Macadory's actions and the school's economic losses. Because there can be more than one cause of injury, Macadory's actions were at least a concurrent cause of the losses and therefore a substantial factor in the school's decision to install security bars to the classrooms. Accordingly, the restitution award did not amount to a windfall.[5] The school was awarded restitution for the exact amount they paid for the installation of security bars on the classrooms, a decision finally triggered by Macadory's burglary

---

[5] Rather than awarding the full amount of the business's loss ($27,269.12), the *Holmberg* court awarded $18,072 in restitution. (*People v. Holmberg*, *supra*, 195 Cal.App.4th at p. 1324.) The court determined which of the business's losses resulted from the burglary and which resulted from the defendant's concealing of stolen property. (*Ibid.*) Macadory does not contend that the court here should have reduced the amount of restitution; he only argues the entire restitution award was improper.

following the other burglaries.  The trial court did not abuse its discretion in ordering him to pay the entire cost of the school's security upgrades.

## IV.  *The Restitution Award is Not Excessive*

Macadory contends the restitution award is excessive and unreasonable because it serves no rehabilitative purpose.  He asserts that a restitution probation condition that is ordered " 'without regard to the defendant's possible ability to comply is a futile exercise,' " and thus, because he has no financial resources to pay the award, it will not "teach him a lesson."

"[I]n addition to providing compensation to specific victims of crime under . . . section 1202.4, restitution of victims as a condition of probation is also separately authorized under . . . section 1203.1, subdivision (a)."  (*People v. Watson* (2013) 220 Cal.App.4th 313, 322.)  The restitution provided by that statute may be imposed when a trial court determines it is " 'fitting and proper to the end that justice may be done, that amends may be made to society for the breach of the law, for any injury done to any person resulting from that breach, and *generally and specifically for the reformation and rehabilitation of the probationer*.' "  (*Ibid*., quoting § 1203.1, subd. (j).)  Courts have broad discretion to prescribe the specific conditions, but the condition "must be reasonably related either to the crime of which the defendant is convicted or to the goal of deterring future criminality."  (*People v. Carbajal*, *supra*, 10 Cal.4th at pp. 1120, 1123; see *People v. Giordano*, *supra*, 42 Cal.4th at p. 664, fn. 7 ["scope of a trial court's

12

discretion is broader when restitution is imposed as a condition of probation"].)[6] The amount of restitution to be paid by the defendant may exceed the losses for which they are held culpable, as long as the restitution is " 'narrowly tailored to serve a purpose described in section 1203.1.' " (*People v. Carbajal*, at p. 1126.)

We reject Macadory's argument that the restitution award in this case lacks any rehabilitative purpose. The court here could properly determine such an award would serve a salutary rehabilitative purpose by directing Macadory to accept the responsibility for his actions and make amends to the school, which sought to protect its students' learning tools and supplies from theft. Further, the rehabilitative purpose of a restitution award does not rest on the court's finding of the defendant's ability to pay, but on the direct relation between the harm and the punishment. (See *People v. Carbajal*, *supra*, 10 Cal.4th at p. 1124.) " 'Restitution is an effective rehabilitative penalty because it forces the defendant to confront, in concrete terms, the harm his actions have caused. Such a penalty will affect the defendant differently than a traditional fine, paid to the State as an abstract and impersonal entity, and often calculated without regard to the harm the defendant has caused.' " (*Ibid*.) It was well within the trial court's broad discretion to condition Macadory's probation on his payment of restitution for the school's security upgrades; the restitution condition in this case is reasonably related to the underlying

---

6 Macadory makes no argument that his restitution probation condition was not reasonably related to his criminal conduct or the goal of deterrence. Nor can he. The trial court reasonably concluded that the security upgrades were necessary because Millenial Tech Middle School's existing windows were insufficient to protect it from defendant's criminal conduct, and the upgrades were reasonably related to defendant's criminal conduct.

13

offense, and serves the purpose of "rehabilitating the offender and deterring future criminality." (*Id.* at p. 1119.)

In any event, the premise of Macadory's challenge is his inability to pay the large award. To the extent Macadory's arguments are directed at restitution authorized by section 1202.4, his ability to pay the award is irrelevant. (§ 1202.4, subd. (g) ["A defendant's inability to pay shall not be considered a compelling and extraordinary reason not to impose a restitution order, nor shall inability to pay be a consideration in determining the amount of a restitution order."].) To the extent his arguments are directed at the award as a condition of probation, we conclude he has forfeited the challenge because he did not raise any issue as to his financial condition during the restitution hearing or in his motion opposing restitution. (See *People v. Welch* (1993) 5 Cal.4th 228, 237 [defendant forfeited challenge to reasonableness of probation condition because he failed to raise it when sentenced]; *People v. Quiroz* (2011) 199 Cal.App.4th 1123, 1127 ["As a general rule, a defendant must first raise the issue in the trial court to challenge a probation condition on appeal."].)

DISPOSITION

The order is affirmed.

O'ROURKE, J.

WE CONCUR:

McCONNELL, P. J.

McINTYRE, J.