Filed 5/2/14  P. v. Rosales CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H039068 |
| Plaintiff and Respondent, | (Monterey County Super. Ct. No. SSC110275) |
| v. | |
| ADRIAN JACOB ROSALES, | |
| Defendant and Appellant. | |

Defendant Adrian Jacob Rosales pleaded no contest to possession of marijuana for sale (Health & Saf. Code, § 11359) and admitted that he violated his probation in two other cases.  The trial court suspended imposition of sentence and placed defendant on probation for three years.  On appeal, defendant challenges the imposition of various fees and the constitutionality of two probation conditions.  We reverse the order.

## I.  Statement of Facts[1]

On December 12, 2011, police responded to a report of vehicles on fire at a residence in Gonzales.  When they arrived, there were two vehicles on fire in the driveway.  Officer Winston Rojas spoke with defendant, his mother, and his stepfather.

---

[1]     The statement of facts is based on evidence presented at the preliminary hearing.

Defendant's mother told the officer that defendant owed money to someone and had previously been involved in drugs.

After discovering that defendant was on probation with search and seizure conditions, officers conducted a search of his bedroom. They found a metal receptacle that contained 61 small plastic baggies and one small plastic baggie containing .08 grams of marijuana. Two baggies, which contained .02 and 1.3 grams of marijuana, were found inside a pill bottle on top of the dresser. The officers also found $500 in cash, a marijuana pipe, and a blunt wrapper.

Defendant told Officer Rosales that he received some of the money from a friend who had purchased marijuana from him a year ago and some of the money was from his Macy's paycheck. Defendant also indicated that he had been selling marijuana for about a month.

## II. Discussion

### A. Criminal Laboratory Analysis Fee

At the sentencing hearing, the trial court imposed various conditions of probation, including that he pay "a fine of [$]200 -- $520 pursuant to 11372.5 of the [H]ealth and [S]afety [C]ode. This includes the [$]240 state restitution fine." The Attorney General concedes that the trial court erred and argues that the matter must be remanded. We agree.

Health and Safety Code section 11372.5 provides in relevant part: "Every person who is convicted of a violation of Section . . . 11359 . . . of this code . . . shall pay a criminal laboratory analysis fee in the amount of fifty dollars ($50) for each separate offense. The court shall increase the total fine necessary to include this increment. [¶] With respect to those offenses specified in this subdivision for which a fine is not authorized by other provisions of law, the court shall, upon conviction, impose a fine in

2

an amount not to exceed fifty dollars ($50), which shall constitute the increment prescribed by this section and which shall be in addition to any other penalty prescribed by law."

A criminal laboratory analysis fee is subject to mandatory penalties and a surcharge. (*People v. Sharret* (2011) 191 Cal.App.4th 859, 863-864 (*Sharret*).) These include: (1) a state penalty assessment (Pen. Code, § 1464, subd. (a)(1)); (2) a county penalty (Gov. Code, § 76000, subd. (a)(1)); (3) a state surcharge (Pen. Code, § 1465.7, subd. (a)); (4) a state court construction penalty (Gov. Code, § 70372, subd. (a)(1)); (5) emergency medical services penalty if authorized by the county board of supervisors (Gov. Code, § 76000.5, subd. (a)(1)); (6) a deoxyribonucleic acid penalty (Gov. Code, § 76104.6, subd. (a)(1)); and (7) a state-only deoxyribonucleic acid penalty (Gov. Code, § 76104, subd. (a)). (*Sharret*, at p. 864.)

Here, defendant was convicted of a single offense and thus the maximum criminal laboratory analysis fee was $50. Though the trial court referenced the restitution fine of $240 under Penal Code section 1202.4, it appears to have also included the mandatory penalties and surcharge in the total amount of the criminal laboratory analysis fee. However, the trial court did not specify the breakdown or the statutory bases of the mandatory penalties and surcharge either at the sentencing hearing or in the minute order. The probation report also did not include this information. Accordingly, the matter must be remanded to the trial court to specify the amount of the criminal laboratory analysis fee and the amount and statutory bases of the mandatory penalties and surcharge. (See *People v. Eddards* (2008) 162 Cal.App.4th 712, 717.)

## B. Drug Program Fee

Defendant contends that the order to pay a drug program fee of $200 pursuant to Health and Safety Code section 11372.7 must be stricken because there was insufficient

3

evidence to support a finding that he had the ability to pay this fee. Relying on *People v. McCullough* (2013) 56 Cal.4th 589, the Attorney General argues that defendant has forfeited his claim. Assuming that defendant has not forfeited this issue, we conclude that there was sufficient evidence to support the trial court's implicit finding.

Health and Safety Code section 11372.7, subdivision (b) provides: "The court shall determine whether or not the person who is convicted of a violation of this chapter has the ability to pay a drug program fee. If the court determines that the person has the ability to pay, the court may set the amount to be paid and order the person to pay that sum to the county in a manner that the court believes is reasonable and compatible with the person's financial ability. In its determination of whether a person has the ability to pay, the court shall take into account the amount of any fine imposed upon that person and any amount that person has been ordered to pay in restitution. If the court determines that the person does not have the ability to pay a drug program fee, the person shall not be required to pay a drug program fee." A trial court is not required to make an express finding of the defendant's ability to pay a drug program fee. (*People v. Staley* (1992) 10 Cal.App.4th 782, 785 (*Staley*).) Absent evidence to the contrary, this court presumes that the trial court followed the law and performed its duty under Evidence Code section 664, and that the requisite determination of defendant's ability to pay is implicit in the trial court's order. (*Staley*, at p. 785.)

Here, though the probation report characterized defendant's financial capability as "[m]inimal," it was anticipated that he would be able to pay "any outstanding costs, fines, or restitution" imposed by the trial court. At the time of defendant's arrest, he was employed at Macy's where he worked 35 to 40 hours per week and earned $9 per hour plus commission. Two months before the sentencing hearing, defense counsel reported that defendant was "working right now full time." Moreover, the record also reflects that defendant had the ability to earn money in the future. Defendant was 22 years old and

4

had almost completed the courses necessary for receiving an Associate of Arts degree. He also was in good physical and mental health and had been placed on probation. Thus, there was substantial evidence to support the trial court's implicit finding that defendant had the ability to pay the drug program fee.

### C. Probation Fees

The trial court ordered defendant to pay probation fees: "You're also to pay $864 for the cost and preparation of the probation report plus $81 per month for the cost of supervised probation in accordance with your ability to pay. [¶] You are to give the information to the probation officer and financial information that would enable the officer to evaluate your ability to pay. And you are to pay an amount that the probation determines you can afford."

Penal Code section 1203.1b sets forth the procedure to be followed before the trial court may impose fees for probation supervision and the preparation of a probation report. First, the trial court must order the defendant to report to the probation officer, who will make a determination of the defendant's ability to pay the fees. (Pen. Code, § 1203.1b, subd. (a).) After the probation officer determines the amount the defendant may be able to pay, the probation officer must inform the defendant that he or she is entitled to a hearing, during which the trial court will make a determination of the defendant's ability to pay and the payment amount. (Pen. Code, § 1203.1b, subd. (a).) A defendant may waive his or her right to a hearing, but this waiver must be made knowingly and intelligently. (Pen. Code, § 1203.1b, subd. (a).) If the defendant does not waive his or her right to a hearing, the probation officer must refer the matter back to the trial court, and the trial court will make a determination of the defendant's ability to pay these fees. (Pen. Code, § 1203.1b, subd. (b).)

5

Defendant contends that the trial court failed to follow the procedure outlined in Penal Code section 1203.1b and that there was insufficient evidence to establish his ability to pay these fees. The Attorney General contends that the issue has been forfeited.[2]

Even assuming that the issue has not been forfeited, defendant's challenge fails. Here, the trial court properly ordered defendant to report to the probation officer for a determination of his ability to pay the fees, thereby complying with the statutory obligation of Penal Code section 1203.1b, subdivision (a). The probation officer will inquire into defendant's ability to pay these probation fees, but no determination of his ability to pay has yet been made. By conditioning defendant's probation fees contingent on the probation officer's determination as to his ability to pay the fee, the order imposed no current financial obligation on defendant. Instead, it set a maximum amount for the cost and preparation of the probation report at $863 and a monthly financial obligation of $81 for probation supervision. It then left open what portion, if any, of these maximum amounts defendant would pay. It is only after the probation officer has determined defendant's ability to pay these amounts that the probation officer is required to inform defendant that he would have the right to challenge that determination at an ability-to-pay hearing before the trial court. Thus, any challenge to the probation fees is premature.

### D. Constitutionality of Probation Conditions

Defendant challenges two probation conditions on constitutional grounds.

---

[2]  The California Supreme Court is currently considering the issue of whether a defendant, who fails to object to an order for payment of probation supervision fees, forfeits a claim that the trial court erred in failing to make a finding of an ability to pay. (*People v. Aguilar* (2013) 219 Cal.App.4th 1094, review granted Nov. 26, 2013, S213571 and *People v. Trujillo*, review granted Nov. 26, 2013, S213687 [nonpub. opn.].)

6

"In granting probation, courts have broad discretion to impose conditions to foster rehabilitation and to protect public safety pursuant to Penal Code section 1203.1. [Citations.]" (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120-1121.) However, a probation condition may be challenged on the grounds that it is unconstitutionally vague and overbroad. (*People v. Lopez* (1998) 66 Cal.App.4th 615, 630.) Although defendant failed to object on constitutional grounds to these conditions, we may consider his facial, constitutional challenges because they present purely questions of law. (*In re Sheena K.* (2007) 40 Cal.4th 875, 888 (*Sheena K.*).) Accordingly, our review of these probation conditions is de novo. (*Id.* at p. 889.)

Defendant first contends that the probation condition that he "not use or possess narcotics, intoxicants, drugs, or other controlled substances without the prescription of a physician" is unconstitutionally vague.

In examining whether a probation condition is void for vagueness, courts have considered whether the condition is " 'sufficiently precise for the probationer to know what is required of him [or her] . . . .' " (*Sheena K.*, *supra*, 40 Cal.4th at p. 890, quoting *People v. Reinertson* (1986) 178 Cal.App.3d 320, 324-325.) "[T]he underpinning of a vagueness challenge is the due process concept of 'fair warning.' " ( *Sheena K.*, at p. 890.)

The Attorney General concedes that this condition must be modified to include a knowledge requirement. We will order the condition modified to add a scienter requirement consistent with the reasoning of *People v. Rodriguez* (2013) 222 Cal.App.4th 578, 592-594.)

Defendant next contends that the probation condition prohibiting him from associating with persons known to him to use or traffic in narcotics or other controlled substances must be stricken or modified because it is overbroad.

7

Here, the trial court ordered defendant at the sentencing hearing "not to traffic in or associate with persons known to [him] to use or traffic in narcotics or other controlled substances." However, the minute order, which was later signed by the trial court, states that defendant "not traffic in, or associate with persons you know, or have reason to suspect, use or traffic in narcotics or other controlled substances."

"'It may be said . . . as a general rule that when, as in this case, the record is in conflict it will be harmonized if possible; but where this is not possible that part of the record will prevail, which, because of its origin and nature or otherwise, is entitled to greater credence [citation]. Therefore whether the recitals in the clerk's minutes should prevail as against contrary statements in the reporter's transcript, must depend upon the circumstances of each particular case.' [Citations.]" (*People v. Smith* (1983) 33 Cal.3d 596, 599.) Here, there is no indication that the trial court intended that the condition in the minute order would modify its prior oral imposition of the condition. The parties also assume on appeal that the condition adopted by the trial court at the sentencing hearing is controlling. Accordingly, we will review this condition as stated in the reporter's transcript.

Defendant contends that this condition is unconstitutionally overbroad because it prohibits him from associating with a person who is using a controlled substance or narcotic with a physician's prescription.

"'[T]he overbreadth doctrine requires that conditions of probation that impinge on constitutional rights must be tailored carefully and reasonably related to the compelling state interest in reformation and rehabilitation. [Citations.]' [Citation.]" (*People v. Quiroz* (2011) 199 Cal.App.4th 1123, 1128.) "The essential question in an overbreadth challenge is the closeness of the fit between the legitimate purpose of the restriction and the burden it imposes on the defendant's constitutional rights—bearing in mind, of

8

course, that perfection in such matters is impossible, and that practical necessity will justify some infringement." (*In re E.O.* (2010) 188 Cal.App.4th 1149, 1153.)

A condition prohibiting defendant from association with a person who is legally using a controlled substance or narcotic is not reasonably related to a compelling state interest in reformation and rehabilitation. As defendant points out, such a condition would prohibit his association with a relative who was prescribed codeine cough medicine. Thus, we conclude the condition must be modified.

The Attorney General's reliance on *People v. Kwizera* (2000) 78 Cal.App.4th 1238 is misplaced. *Kwizera* did not involve a constitutional challenge to a probation condition on the ground of overbreadth.

### III. Disposition

The order granting probation is reversed.

On remand, the trial court is directed to correct the amount of the criminal laboratory analysis fee and the amount and statutory bases of the mandatory penalties and surcharge.

The probation condition that defendant "not use or possess narcotics, intoxicants, drugs, or other controlled substances without the prescription of a physician" should be modified to state that defendant shall "not knowingly use or possess narcotics, intoxicants, drugs, or other controlled substances without a physician's prescription."

The probation condition that defendant "not traffic in or associate with persons known to him to use or traffic in narcotics or other controlled substances" should be modified to state that defendant shall "not traffic in or associate with persons known to him to use or traffic in narcotics or other controlled substances unless those persons are using narcotics or other controlled substances with a physician's prescription."

9

_____
Mihara, J.

WE CONCUR:

_____
Elia, Acting P. J.

_____
Grover, J.