Filed 2/8/24  P. v. Burgos CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MIGUEL ANGEL BURGOS,<br><br>    Defendant and Appellant. | F086021<br><br>(Super. Ct. No. BF185848A)<br><br>**MODIFICATION OF OPINION AND DENIAL OF REHEARING [NO CHANGE IN JUDGMENT]** |

**THE COURT:**

It is ordered that the opinion herein filed on January 30, 2024, be modified as follows:

1.  On page 2, in the first paragraph, the first sentence is deleted and replaced with:

In this appeal, defendant Miguel Angel Burgos challenges the validity of a condition of probation chosen, as well as the authority to impose fines, fees, and assessments at sentencing without an ability to pay hearing.

2.  On page 2, in the second paragraph under **PROCEDURAL SUMMARY**, add the sentence "The court also imposed fines and fees totaling $2,900." after the sentence ending in "custody on count 1."

3.  On page 8, in the first paragraph under **II.**, add the sentence "Defendant also contends counsel was ineffective because he failed to request a hearing to determine

defendant's ability to pay fines, fees, or other assessments." after the sentence ending in "a warrant at any time."

    4.  On page 8, add the subheading "**A.**    **The Applicable Law**" before the sentence beginning with "To establish a claim."

    5.  On page 9, add the subheading "**B.**    **Application**" before the paragraph beginning with "Again, a condition."

    6.  On page 10, delete the sentence "Because we cannot conclude the failure to object to the condition of probation imposed by the trial court was prejudicial, we cannot conclude defendant was provided ineffective assistance of counsel."

    7.  On page 10, after the first paragraph under "**B.**    **Application**," ending in the citation "(See *People v. Moran*, *supra*, 1 Cal.5th at p. 403.)," insert the following new paragraphs:

> We reach a similar conclusion on the failure to request an ability to pay hearing.[1] Again, where a claim of ineffective assistance of counsel is made on a direct appeal, the record must affirmatively demonstrate trial counsel had "no rational tactical purpose" or no satisfactory explanation for the failure to act. (*People v. Mai*, *supra*, 57 Cal.4th at p. 1009.) The record provides no such evidence here. First, we do not view the total amount of fines, fees, and assessments imposed in this case as excessive on its face. Next, the probation report shows defendant had been able to obtain employment in the past, and there was no evidence that his ability to obtain employment while on probation had changed. While defendant may argue he did not have an immediate ability to pay the amounts imposed, this does not mean he could not make payments in the future. (See, e.g., *People v. Potts* (2019) 6 Cal.5th 1012, 1055–1057.)

---

[1] While defendant does not cite *People v. Duenas* (2019) 30 Cal.App.5th 1157, his argument that the failure to request a hearing on the ability to pay constituted ineffective assistance of counsel suggests there was a constitutional duty owed. We note, the *Duenas* opinion that reached this conclusion was filed more than three years before defendant was sentenced in this case. Moreover, *People v. Kopp* (2019) 38 Cal.App.5th 47 is still pending with our Supreme Court on the issue of whether trial courts must consider a defendant's ability to pay before imposing or executing fines, fees, and assessments; and if so, which party bears the applicable burden of proof.

On this record, defendant cannot establish prejudice as it would have been entirely reasonable for counsel to conclude an ability to pay hearing would not alter the court's calculation of the fines, fees, or assessments imposed. (See *People v. Price* (1991) 1 Cal.4th 324, 387 [Counsel's failure to make a futile or unmeritorious objection does not constitute ineffective assistance of counsel.].) Even if we considered this challenge using a higher constitutional standard, we would reject defendant's claims and find any error here to be harmless beyond a reasonable doubt, as defendant had the ability to make payments toward any fines, fees, and assessments while on probation. (See *Chapman v. California* (1967) 386 U.S. 18, 24.)

Neither the failure to object to the challenged condition of probation imposed in this case, nor the failure to request a hearing to consider defendant's ability to pay fines, fees, and assessments, constitutes reversible error. On the record before this court, we cannot conclude defendant was provided ineffective assistance of counsel.

This modification does not effect a change in the judgment.

The petition for rehearing is denied.

LEVY, A.P.J.

WE CONCUR:

DETJEN, J.

FRANSON, J.

3.

Filed 1/30/24  P. v. Burgos CA5 (unmodified opinion)

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>          v.<br><br>MIGUEL ANGEL BURGOS,<br><br>     Defendant and Appellant. | F086021<br><br>(Super. Ct. No. BF185848A)<br><br><br>**OPINION** |

THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Michael G. Bush, Judge.

Aaron J. Schechter, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, and Louis M. Vasquez, Deputy Attorney General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P. J., Detjen, J. and Franson, J.

In this appeal, defendant Miguel Angel Burgos only challenges the validity of a condition of probation imposed by the trial court at sentencing. Defendant has not challenged the quality or sufficiency of the evidence supporting his conviction by a jury. Following our review of the record, we affirm.

## PROCEDURAL SUMMARY

On January 21, 2022, an information was filed charging defendant with two counts of having contact with a minor with the intent to commit a sexual offense (Pen. Code,[1] § 288.4, subd. (b), a felony; counts 1 & 2). On February 28, 2023, the information was amended. Count 1 now alleged a violation of section 288.3, again a felony, which listed more specificity about the acts defendant was allegedly intending to commit when he contacted the minor. The allegations contained in count 2 were virtually unchanged. The information was amended yet again on March 1, 2023, changing the date when the acts were alleged to occur from June 6, 2021, to June 10, 2021.

Following a jury trial, on March 1, 2023, defendant was found guilty of committing the acts alleged in both counts 1 and 2. At the sentencing hearing held on March 29, 2023, the trial court granted defendant probation for both counts, but specified he was to serve 365 days in custody on count 1. Defendant filed a notice of appeal on this same date.

## FACTUAL SUMMARY

Officer Eric Celedon testified that in June 2021, he was a detective assigned to the special victims unit. Celedon's assignment at that time involved investigating crimes against children and other sexual assaults. On June 10, 2021, Celedon was conducting a "decoy" operation, by creating accounts on different applications or social media. Through these accounts, Celedon was posing as an underage juvenile in an attempt to

---

[1] All further code references are to the Penal Code.

2.

identify and locate individuals who might try to target similar juveniles. When describing his process, Celedon stated:

> "It's just like setting up any account on any other social media. You go to the website or download the application. You enter the information such as names, email addresses, … and a birthday associated with that account, and you join the website that way."

Celedon testified the application at the center of this case would not allow him to enter a birth date indicating his "juvenile" was younger than 18, so he entered a birthdate that would result in an age of 18. No one from the company owning the application contacted Celedon to verify the information he entered. Celedon testified he never initiated conversations in this application.

On June 10, 2021, Celedon received a request for a chat with his "juvenile" from someone identifying himself as "Jose Estrada."[2] While the conversation started with a friendly tone, "Estrada" eventually requested "pics," which Celedon interpreted to mean nude photos. Celedon explained he reached this conclusion based on his experience during prior similar operations. When "Estrada" asked for a photo of a specific body part, Celedon responded stating he could not provide that because he was previously caught by his mother, and he was too young. To this information, "Estrada" stated, "cool. How young[?]" Celedon responded he was "almost 15."

When the conversation continued, Celedon asked if "Estrada" was still "trying to meet up." Shortly thereafter, "Estrada" responded by asking the "juvenile" if he was a "cop," and Celedon answered "no." Eventually, "Estrada" informed the "juvenile" he was 25 years old, which was then followed by a discussion about what they would do when they met in person. After specifying two sex acts he wanted to engage in with the

---

**2**   Throughout this conversation, Celedon responded to "Estrada" solely as the "juvenile" persona he was posing as.

"juvenile," "Estrada" asked about a meeting location. Celedon stated he would be at a hockey rink by the park, and "Estrada" responded that he was on his way.

Approximately 20 minutes later, "Estrada" informed the "juvenile" that he was in the parking lot in an SUV. Once Celedon received this message, he alerted undercover units in the area, so they could identify the suspect. While he was not at the park personally, Celedon became aware that defendant was taken into custody at the park. During an interview Celedon conducted after the arrest, defendant admitted the "Jose Estrada" profile belonged to him.

Detective Cory Boyer testified that on June 10, 2023, he was assisting officers in an operation at Saunders Park. Boyer stated he came into contact with defendant on that day while defendant was in a vehicle and being detained by another officer. Boyer noted nothing of a sexual nature, including child pornography or condoms, were found on defendant or in his vehicle when he was detained.

The defense presented no evidence in this trial on behalf of defendant.

## DISCUSSION

Again, defendant has not challenged the evidence supporting his conviction in this case. Our focus will, therefore, be on a review of the condition of probation defendant believes was improperly imposed.

## I. The Challenged Condition of Probation

After addressing the length of the actual sentence that would be imposed, the trial court stated:

> "[T]he imposition of sentence is suspended, and the defendant is admitted to probation for a period of two years on the following terms and conditions. The first 365 days in custody. He must report in person to the probation officer within five days of his release from custody and monthly [thereafter] as to his current address, employment, income, and expenses.
>
> "He must permit his person, residence, motor vehicle or possessions to be inspected or searched for electronic devices capable of internet access and data storage. Any such device is subject to search for internet access or

4.

information related to contact with minors by the probation officer or any law enforcement officer at any time during his probationary period without prior notice of intent to inspect or search, with or without a search warrant, warrant of arrest, or reasonable cause.

"He must provide the probation officer with all computer[,] email[, and] internet passwords and usernames known by him for any such devices, and he is not permitted to knowingly delete computer history or cache. [He must] refrain from further violations of the law and obey all reasonable instructions of the probation officer."

The minute order documented essentially the same language for the conditions of probation imposed on defendant at the hearing.

Defendant now challenges the requirement that he provide a probation officer "all computer[,] email[, and] internet passwords and usernames known by him for any such devices." Defendant contends this condition of probation is unconstitutionally overbroad, believing it requires him "to disclose the username and password for *every single internet site* he uses" and "invades the area of constitutionally protected freedoms."

## A. The Applicable Law

When granting probation, a trial court "may impose and require any or all of the terms of imprisonment, fine, and conditions" as it determines are fitting and appropriate. (§ 1203.1, subd. (j).) A condition of probation is valid unless it " '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality.' " (*People v. Bryant* (2021) 11 Cal.5th 976, 983 (*Bryant*), citing *People v. Lent* (1975) 15 Cal.3d 481, 486.) This requires a case-by-case assessment considering the relationship of the probation condition to the crime, the specific terms provided in the challenged condition, and the connection of that condition to the probationer's future criminality. (*Bryant*, at p. 983.)

Because a trial court has broad discretion when imposing conditions of probation, we generally review the decisions about probation using an abuse of discretion standard.

(*People v. Moran* (2016) 1 Cal.5th 398, 403.)  Therefore, this court "will disturb the trial court's decision to impose a particular condition of probation only if, under all the circumstances, that choice is arbitrary and capricious and is wholly unreasonable." (*Ibid*.)  However, if a significant privacy interest is impacted, such as allowing sweeping electronics searches without a warrant, the burden imposed on a defendant will be considered a heavy one, warranting our de novo review.  (See *People v. Cota* (2020) 45 Cal.App.5th 786,790; *In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1143.)  Under these circumstances, to be considered reasonable, the probation condition must be based on more than an " 'abstract or hypothetical relationship' " between the condition and the goal of preventing future criminality.  In other words, "there must be a specific relationship—grounded in the facts of the case—between the condition and preventing future criminality."  (*Cota*, at p. 790.)

On appeal, defendant has only challenged the probation condition requiring him to provide "all computer[,] email[, and] internet passwords and usernames known by him for any such devices," as being overbroad.  Our consideration of defendant's challenge on this issue is, therefore, limited to this specific constitutional question.

Again, "[a] probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad."  (*In re Sheena K.* (2007) 40 Cal.4th 875, 890; see also *People v. Quiroz* (2011) 199 Cal.App.4th 1123, 1128.) " ' "The essential question in an overbreadth challenge is the closeness of the fit between the legitimate purpose of the restriction and the burden it imposes on the defendant's constitutional rights—bearing in mind, of course, that perfection in such matters is impossible, and that practical necessity will justify some infringement." ' " (*People v. Patton* (2019) 41 Cal.App.5th 934 946 (*Patton*).)

It should be noted, case law has rejected claims that an electronics search condition is facially overbroad automatically because such a condition can be imposed

constitutionally under appropriate circumstances. (*Patton*, *supra*, 41 Cal.App.5th at p. 947; *In re Malik J.* (2015) 240 Cal.App.4th 896, 902.) "[T]he fact that a search of an electronic device may uncover comparatively more private information than the search of a person, or a personal item like a wallet, does not establish that a warrantless electronic search condition of probation is per se unconstitutional." (*People v. Guzman* (2018) 23 Cal.App.5th 53, 65.)

### B. Application

The People contend defendant forfeited his challenge of the electronics search condition by failing to raise it in the trial court. "As a general rule, a defendant must first raise the issue in the trial court to challenge a probation condition on appeal. [Citation.] However, our Supreme Court has held that the forfeiture rule does not apply to a defendant's contention that a probation condition is unconstitutionally vague and overbroad on its face when the challenge presents a pure question of law." (*People v. Quiroz*, *supra*, 199 Cal.App.4th at p. 1127, citing *In re Sheena K.*, *supra*, 40 Cal.4th at p. 887.)

Following our de novo review, we conclude the condition is constitutional. We specifically believe there is a close fit " ' "between the legitimate purpose of the restriction and the burden it imposes on the defendant's constitutional rights." ' " (*Patton*, *supra*, 41 Cal.App.5th at p. 946.) The application defendant used to contact an individual who he believed was a juvenile is not the only application available on electronic devices used to contact strangers. Furthermore, we are not ignorant of the fact such communications may move from one application to another, or to a more mainstream form of communication. Because the social media environment is subject to constant change, a probation officer must have some flexibility in monitoring a defendant's progress during probation.

We acknowledge defendant's concern the condition allows a probation officer to force him "to disclose the username and password for ***every single internet site*** he uses"

and "invades the area of constitutionally protected freedoms." However, we are not reviewing any actual question involving the enforcement of this condition, only whether this particular condition is overbroad on its face. (*People v. Olguin* (2008) 45 Cal.4th 375, 386, fn. 5.) We note:

> "[A] defendant facing revocation of his or her probation for violating a term of probation has the right … to a hearing, at which he or she has the right to counsel and to argue that a particular application of a probation condition exceeds the bounds of reason under the circumstances." (*People v. Olguin*, *supra*, 45 Cal 4th a p. 386, fn. 5.)

Furthermore, the "waiver of Fourth Amendment rights as a condition of probation does not permit searches undertaken for harassment or searches for arbitrary or capricious reasons." (*People v. Bravo* (1987) 43 Cal.3d 600, 610.) Thus, defendant has a level of protection available should he feel a request, such as one for medical or financial information unrelated to the crime, is unreasonable.

Given the facts underlying defendant's conviction, the condition of probation requiring the disclosure of "all computer[,] email[, and] internet passwords and usernames known by him for any such devices," was not constitutionally overbroad.

## II. The Claim of Ineffective Assistance of Counsel

Defendant further argues his trial counsel was ineffective for failing to challenge the terms of his probation in the trial court subjecting him to a search of his electronic devices and financial documents without a warrant at any time. To establish a claim of ineffective assistance of counsel, a defendant must show (1) counsel's representation fell below an objective standard of reasonableness under prevailing professional norms, and (2) counsel's deficient performance was prejudicial. (*Strickland v. Washington* (1984) 466 U.S. 668, 687–688; *People v. Ledesma* (1987) 43 Cal.3d 171, 216–217.) " 'Unless a defendant establishes the contrary, we shall presume that "counsel's performance fell within the wide range of professional competence and that counsel's actions and inactions can be explained as a matter of sound trial strategy." [Citation.] If the record

8.

"sheds no light on why counsel acted or failed to act in the manner challenged," an appellate claim of ineffective assistance of counsel must be rejected "unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation." ' " (*People v. Lopez* (2008) 42 Cal.4th 960, 966.) To establish prejudice, defendant must make a showing "sufficient to undermine confidence in the outcome" that but for counsel's errors there is a reasonable probability that the result of the proceeding would have been different. (*Strickland*, at p. 694; *Ledesma*, at pp. 217–218.)

Claims of ineffective assistance of counsel are more appropriately resolved in a habeas corpus proceeding. (*People v. Mai* (2013) 57 Cal.4th 986, 1009.) "On direct appeal, a conviction will be reversed for ineffective assistance only if (1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation." (*Ibid.*) However, " '[a] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.… If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, … that course should be followed.' " (*People v. Jacobs* (2013) 220 Cal.App.4th 67, 75–76.)

Again, a condition of probation is valid unless it " '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality.' " (*Bryant*, *supra*, 11 Cal.5th at p. 983; *Lent*, *supra*, 15 Cal.3d at p. 486.) When considering this test laid out in both *Bryant* and *Lent*, we cannot conclude defendant was sufficiently prejudiced. Defendant committed the crimes he was convicted of while using an application on an electronic device. While the use of an electronic device does not generally involve "criminal conduct" on its own, restrictions on defendant's use here were reasonably related to the possibility he could engage in similar

criminal conduct in the future.  (See *Bryant*, *supra*, 11 Cal.5th at p. 983.)  It is commonly understood that applications can be downloaded on a variety of electronic devices, not just smartphones.  Therefore, an ability to check that defendant is not using the specific application used in this case, or is using other similar applications to communicate with individuals unknown to him for criminal purposes, is entirely reasonable, and not an abuse of discretion.  (See *People v. Moran*, *supra*, 1 Cal.5th at p. 403.)

Because we cannot conclude the failure to object to the condition of probation imposed by the trial court was prejudicial, we cannot conclude defendant was provided ineffective assistance of counsel.

## **DISPOSITION**

The judgment is affirmed.